ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 FEB -9 PM 2: 33

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIE TERRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-018 |
| | ) | |
| DENNIS BROWN, Warden; SCOTT WILKES, Deputy Warden of Care and Treatment; MS. BUSSEY, Grievance Coordinator; MS. MADDIE KITCHEN, G.P. Counsel; SAMUEL S. OLENS, Attorney General; DAVID A. ZISOOK, Assistant Attorney General; MS. CHAMPION, Food Service Staff; MS. THOMAS, Food Service Staff; MS. MOORE, Food Service Staff; MS. SAMUELS, Food Service Staff; MS. BURKE (Older Lady), Food Service Staff; MS. BURKE (Younger Lady), Food Service Staff; MS. GEE, Food Service Staff; MS. HOWELL, Food Service Staff; Sergeant CARROLL; MR. WOUMBLE, Unit Manager; and Captain ELLIS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Ware State Prison ("WSP") in Waycross, Georgia,[1] seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant

---

[1] Although he is currently incarcerated at WSP, Plaintiff's complaint primarily concerns events that allegedly occurred while he was incarcerated at Augusta State Medical Prison ("ASMP"), located in Grovetown, Georgia. (See doc. no. 1.)

to 42 U.S.C. § 1983.² For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice.

I.  **BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.³

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

---

²Plaintiff submitted another, separate complaint at the same time he submitted the complaint in this case. See Terrell v. Owens, CV 112-117, doc. no. 1 (S.D. Ga. Jan. 30, 2012). While the allegations in these complaints overlap considerably, they are not identical, and there are also differences in the defendants named and relief requested. Therefore, the Court will treat the complaints as pleadings in separate civil actions.

³The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

## II. DISCUSSION

### A. Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought at least three cases or appeals that were dismissed as frivolous under § 1915(g): (1) Terrell v. Grady Memorial Hosp., No. 09-13077-D (11th Cir. Jan. 20, 2010) (appeal dismissed as frivolous); (2) Terrell v. Grady Memorial Hosp., CV 108-3931 (N.D. Ga. May 29, 2009) (case dismissed as frivolous); and (3) Terrell v. Fulton County, CV 109-513 (N.D. Ga. May 26, 2009) (case dismissed as frivolous). As Plaintiff filed a complaint or an appeal that was dismissed as frivolous in each of the cases cited above, these previously dismissed cases and appeal qualify as strikes under § 1915(g). Because Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. Plaintiff Does Not Qualify for the "Imminent Danger" Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Nothing in Plaintiff's complaint supports a finding of imminent danger of serious physical injury at the time Plaintiff commenced this case. Plaintiff's complaint primarily concerns his allegation that on August 24, 2011, he became sick following ingestion of juice that was contaminated with some type of bleach or sanitizer. (See doc. no. 1, p. 5.) However, this alleged injury predated the filing of his complaint in January of 2012 by several months, and therefore is plainly insufficient to show any imminent danger

3

of serious physical injury during the relevant time frame. See Medberry, 185 F.3d at 1193.

The Court additionally notes Plaintiff's allegation that following his transfer from ASMP, he has been incarcerated at other, unspecified facilities that cannot provide his "dietary allergy and digestive meals," causing him weight loss, headaches, and "hunger pains." (Doc. no. 1, p. 5.) First, this allegation is insufficient to satisfy the standard for demonstrating imminent danger of serious physical injury. Cf. Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004) (finding imminent danger of serious physical injury where the plaintiff alleged total withdrawal of treatment for serious diseases, as a result of which he suffered from severe ongoing complications). Indeed, the United States Court for the Middle District of Georgia found that Plaintiff's similar allegations in a previous case "[did] not remotely approach 'imminent danger of serious physical injury.'" Terrell v. Schwall, CV 710-152, doc. no. 4, p. 2) (M.D. Ga. Dec. 17, 2010).

Furthermore, Plaintiff's allegations regarding the meals he receives at other, unspecified facilities cannot serve as the basis for imminent danger in this case because they do not relate to the conduct of any Defendant named in this action, and therefore fall outside the scope of any claim at issue here. See Joiner v. Mason, No. 209-CV-243, 2011 U.S. Dist. LEXIS 55580, at *11 (M.D. Ala. May 23, 2011) (noting that plaintiff had been allowed to proceed only with claims that met imminent danger exception); Lester v. Burnside, No. 5:09-CV-412, 2009 U.S. Dist. LEXIS 123822, at *3 n.1 (M.D. Ga. Dec. 28, 2009) (allowing plaintiff subject to three strikes rule to proceed IFP with regard to claims that met imminent danger exception but not with respect to other claims that failed to qualify for that exception). As a result, Plaintiff fails to demonstrate that he should be excused from paying

the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.[4]

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 7th day of February, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4]Of note, even if Plaintiff qualified for the imminent danger exception, he would nevertheless arguably be subject to dismissal without prejudice for dishonesty in his complaint. The form complaint Plaintiff used to commence this case, "Form to Be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia," requires that prisoner plaintiffs disclose: (1) whether they have brought other federal lawsuits while incarcerated, (2) whether they were allowed to proceed IFP in any such lawsuits, and (3) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, pp. 1-3.) Under penalty of perjury, Plaintiff indicated that he has never before brought any lawsuit in federal court by writing "N/A" or leaving the answer blank as to each of these questions. (See doc. no. 1, pp. 1-3, 6.) The practice of dismissing a case as a sanction for providing false information about prior filing history has been approved by the Eleventh Circuit, see Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007), and has previously been utilized in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006).

5