IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIE TERRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-018 |
| | ) | |
| DENNIS BROWN, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which no objections have been filed. The Magistrate Judge found, pursuant to 28 U.S.C. § 1915(g), that Plaintiff had three prior cases that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted, and that he did not qualify for the "imminent danger" exception. As a result, he recommended that Plaintiff's motion to proceed *in forma pauperis* ("IFP") be denied and that this action be dismissed.[1] (Doc. no. 3.)

The Court initially adopted the R&R when Plaintiff failed to object by the applicable deadline. (Doc. no. 5.) However, in an abundance of caution, the Court vacated its prior Adoption Order upon a later filing in which Plaintiff stated that he had not timely received his service copies of previous Court documents. In addition, the Court granted Plaintiff's

---

[1] The Magistrate Judge also noted that even if Plaintiff qualified for the imminent danger exception, his case would nevertheless arguably be subject to dismissal for dishonesty in his complaint regarding his filing history. (Doc. no. 3, p. 5 n.4.)

request for a 21-day extension of time in which to object to the R&R or to amend his pleadings. (Doc. no. 10.) Rather than file objections or amend his complaint in accordance with the Court's instructions, Plaintiff filed a motion for an additional extension of time, which the Court denied. (Doc. nos. 11, 12.)

While Plaintiff has not objected to the R&R, he has filed two additional motions that are currently pending before the Court. In the first of these motions, which was filed prior to the re-opening of the case, he requests that the Court direct the Clerk of Court to return his complaint and the exhibits attached to the complaint. (Doc. no. 9.) To the extent that Plaintiff requests free copies of these documents, his request must be denied, as Plaintiff is not entitled to free copies of prior filings. See Wanninger v. Davenport, 697 F.2d 992, 994 (11th Cir. 1983) (*per curiam*) ("A prisoner's right of access to the court does not include the right of free unlimited access to a photocopying machine . . . ." (citation omitted)); see also Jones v. Franzen, 697 F.2d 801, 803 (7th Cir. 1983) ("[B]road as the constitutional concept of liberty is, it does not include the right to xerox."). Copies of any Court record or paper may be purchased at a cost of $.50 per page from the Clerk of Court. Thus, Plaintiff's request for a return of Court documents free of charge is **DENIED**. (Doc. no. 9.)

In his second motion, Plaintiff requests that the Court consolidate the instant action with the five other actions that Plaintiff commenced around the same time concerning many of the same events alleged in his complaint in this case. (Doc. no. 13.) This motion is also without merit. It is within the Court's discretionary authority to consolidate actions involving a common question of law or fact. See Fed. R. Civ. P. 42(a). However, consolidation is not warranted here because the Court has determined in simultaneously issued Orders that all of Plaintiff's actions are subject to dismissal pursuant to the three

2

strikes provision of § 1915(g). Therefore, Plaintiff's motion for consolidation is **DENIED** (Doc. no. 13.)

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's request to proceed IFP is **DENIED** (doc. no. 2), and this action is **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he must initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO ORDERED this 25th day of _May_, 2012, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3